CHARLES G. LANDON AND ANOTHER, AS EXECUTORS, ETC., OF BENJAMIN H. HUTTON, DECEASED, RESPONDENTS, *v.* MARY N. TOWNSHEND AND OTHERS, APPELLANTS.

*Assignee in bankruptcy — when his interest as such is barred by a judgment in fore-closure in an action to which he was made a party individually, no reference being made to his office.*

APPEAL from a judgment entered upon the report of a referee.

The court, at General Term, said : " This is an ejectment suit, in which the defendants introduced no evidence, but relied solely on the weakness of the plaintiffs' case. According to the plaintiffs, the title to the premises in question at one time became vested in W. Coventry H. Waddell as the assignee in bankruptcy of one Ebenezer L. Williams. It was material to the plaintiffs to show that the assignee was subsequently divested of the title. To prove this they introduced the judgment-roll in a foreclosure suit in which Waddell was a defendant, and in which it is claimed that any interest he had in the land, as assignee, was foreclosed. In that suit, how-ever, Waddell was simply named as a defendant in his individual capacity, and no reference to him as assignee in bankruptcy appeared in the title of the action, or anywhere else in the record. The appellants argue that Waddell could not have been divested of the estate in bankruptcy by the judgment in a case in which there was

nothing to show that he was sued in his official character. The allegation in the complaint in the foreclosure suit was that the defendant Waddell had, or claimed to have, some interest in or claim upon the mortgaged premises, which interest or claim was, subsequent to that of the plaintiff therein, upon the mortgage. There is no evidence in the present case that he had any other interest save as assignee in bankruptcy. Here, therefore, as in the case of *Wagner* v. *Hodge* (34 Hun, 524), 'it is to be presumed that he was made a party to the foreclosure, and that he himself so understood the fact to be, to obtain all his interest in the property as assignee.' Such interest was clearly subsequent to the mortgage, and, as Waddell appears to have had no other interest, we think the judgment should be deemed effectual to foreclose it."

*John Townshend*, for the appellants.

*E. H. Landon*, for the respondents.

Opinion by BARTLETT, J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.